IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |  |
|---|---|---|---|
| **CHARLES AARON N T GREEN,** | * | | |
| | * | | |
| Plaintiff, | * | | |
| | * | | |
| v. | * | Civil Nos. | SAG-24-00226 |
| | * | | SAG-24-00227 |
| **RESURGENT RECEIVABLES LLC,** *et al.*, | * | | SAG-24-00565 |
| | * | | SAG-24-00566 |
| Defendants. | * | | |
| | * | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Charles Aaron N T Green ("Plaintiff"), who is self-represented, filed two lawsuits apiece in state court against Resurgent Receivables, LLC ("Resurgent") and LVNV Funding, LLC ("LVNV") (collectively "Defendants"). The two cases against Resurgent (SAG-24-00226 and SAG-24-00565) are duplicative of one another, as are the two cases against LVNV. And the complaints against Resurgent and LVNV are also identical, except for noting the different account numbers that Plaintiff held with each company. Defendants removed all four cases to this Court, and the cases have been consolidated for disposition. Defendants have filed a motion for judgment on the pleadings in the lead case, with an accompanying memorandum of law. ECF 15, 16 in SAG-24-00226. The motion is now fully briefed. ECF 19, 20. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendants' motion for judgment on the pleadings will be granted in all four cases, but Plaintiff will be afforded sixty days to move for leave to file amended complaints in SAG-24-00226 and SAG-24-00227.

I. **Factual Background**

The following facts are derived from Plaintiff's Complaint in SAG-24-00226 but are common to the complaints in all four cases. Resurgent reported "information" about Plaintiff's

"personal credit profile" to credit reporting agencies (CRAs) and did not "correct the matter" "after being notified that said information was in fact false and reporting in error." ECF 8 ¶¶ 2–3. As a result, Plaintiff was denied credit and he suffered financial injuries. *Id.* ¶ 3. Resurgent also "failed to provide any . . . proof . . . to the Plaintiff of the alleged information being reported." *Id.* ¶ 4. Plaintiff's complaint, which is not a model of clarity, appears to allege claims for libel and slander along with violations of the Fair Credit Reporting Act (FCRA).[1] *Id.* at 2–3.

## II. Legal Standards

Defendants, who filed answers to the complaints in all four cases, have filed motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Such motions are evaluated under the same standard as motions to dismiss under Rule 12(b)(6). *Occupy Columbia v. Haley,* 738 F. 3d 107, 115 (4th Cir. 2013) ("A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6).") In evaluating a Rule 12(c) motion, the court construes the allegations in the complaint in the light most favorable to the non-moving party and dismisses the case only where the "plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Bruce v. Riddle*, 631 F.2d 272, 274 (4th Cir. 1980).

Because Plaintiff is self-represented, his pleadings must be "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ.

---

[1] Plaintiff apparently cites 15 U.S.C. § 1682(e)(b) and § 1681(e)(b) as provisions of the FCRA. While 15 U.S.C. § 1681 *et seq.* is the correct citation to the statute, those two particular subsections cannot be found in the statute. A proper complaint should refer to the correct subsections.

No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

### III.     Analysis

Defendants correctly assert that Plaintiff has not included sufficient facts in his Complaint to state a plausible claim for relief under the legal theories he has advanced. Plaintiff has not specified what erroneous representations the Defendants made to the CRAs, nor has he alleged facts to establish that the unidentified representations were erroneous or false. Moreover, Defendants correctly note that the state law claims that Plaintiff references would be preempted by the FCRA. *See* 15 U.S.C. § 1681t(b)(1)(F). And "the FCRA does not provide a private right of action against a credit furnisher for an alleged failure to report accurate information," which at present is the extent of the factual allegations contained in Plaintiff's complaints. *Blick v. Wells Fargo Bank, N.A.*, Civ. No. NKM-11-81, 2012 WL 1030137, at *9 (W.D. Va. Mar. 27, 2012), *aff'd*, 474 F. App'x 932 (4th Cir. 2012); *see also Beattie v. Nations Credit Fin. Servs. Corp.*, 69 F. App'x 585, 591 (4th Cir. 2003) (stating that a company has a duty to furnish accurate information under 15 U.S.C. § 1681s-2(a), but the provision can only be enforced by federal and state officials).

In Plaintiff's Opposition, he raises a number of additional issues that were not raised in his complaints and also attaches a number of new exhibits that were not incorporated in his complaints. ECF 19. The Opposition, for the first time, alleges that LVNV reported a debt on an account Plaintiff "never opened" and that Defendants did not verify whether the information erroneously pertained to his son who shares the same name. It also alleges a violation of § 1692(g) of the Fair Debt Collections Practices Act ("FDCPA") and suggests, without specifically referencing, a possible "unreasonable investigation" claim under § 1681s-2(b). To the extent Plaintiff wishes to

amend his complaint to add these facts or legal theories, he cannot use his motions briefing to do so. *See Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998) (explaining that Plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint").

Similarly, in SAG-24-00226, Plaintiff raises additional factual allegations and legal theories in his "Response" to Defendant's Motion for a More Definite Statement. ECF 9. The Response alleges that Resurgent falsely reported a debt obligation of $1,914, repeatedly contacted Plaintiff to "validate" the debt, and failed to provide a copy of a contract between the parties. But the proper way to provide a more definite statement is to amend the complaint, not to file an independent response. *See Khepera-Bey v. Santander Consumer USA, Inc.*, Civ. No. WDQ-11-1269, 2012 WL 1965444, at *5 (D. Md. May 30, 2012) ("A motion for a more definite statement challenges the intelligibility or ambiguity *of the complaint* . . . .") (emphasis added).

This Court will grant Defendant's motion for judgment on the pleadings and will dismiss all four existing complaints under Rule 12(c). But because of Plaintiff's self-represented status and the issues that he raised in his opposition, this Court is unpersuaded that he cannot plead or prove any set of facts that might entitle him to relief. This Court will therefore afford Plaintiff sixty days to move for leave to amend his complaints in SAG-24-00226 and SAG-24-00227 to the extent he wishes to allege a more comprehensive set of facts and to amend his federal claims under new theories of liability.[2]

---

[2] While the issue does not appear to have been addressed expressly, the Fourth Circuit has implied that the question of whether amendment should be permitted following a Rule 12(c) ruling employs the same standard as a Rule 12(b)(6) dismissal. *See, e.g.*, *Ruffin v. Lockheed Martin Corp.*, 659 Fed. App'x 744, 746 (4th Cir. 2016) (considering leave to amend under the traditional standard without differentiating as a result of a Rule 12(c) grant of judgment); *United States ex rel. Goldstein v. Fabricare Draperies, Inc.*, 84 F. App'x 341, 343 (4th Cir. 2004) (noting without discussion that district court granted a Rule 12(c) motion with leave to amend); *Powers v. Sec.*,

## IV.    Conclusion

For the reasons set forth above, Defendants' Motions for Judgment on the Pleadings in all four cases will be granted and the complaints will be dismissed pursuant to Rule 12(c). Plaintiff will be afforded sixty days to move for leave to amend his complaints in cases SAG-24-00226 and SAG-24-00227. Because the other two cases, SAG-24-00565 and SAG-24-00566, are entirely duplicative, no amended complaints need be filed and this Court does not grant leave to amend in those cases. A separate Order follows, which will close all four cases, subject to reopening SAG-24-00226 and SAG-24-00227 if motions to file amended complaints are timely filed.

Dated: July 17, 2024                                              /s/
                                                                     Stephanie A. Gallagher
                                                                     United States District Judge

---

*U.S. Homeland Security,* 846 Fed. App'x 754 (11th Cir. 2021) (finding that the district court erred by granting judgment under Rule 12(c) against a pro se litigant without giving leave to amend or assessing whether amendment would be futile). The best course appears to be dismissal and allowing an opportunity to amend.